UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| GUILLERMO ZAVALA; ILEANA ZAVALA; | ) | |
| ANGEL ZAVALA; GREGORY NEGRON; | ) | |
| TIFFANY NEGRON, on Her Own Behalf and as | ) | |
| Mother and Next Friend of ANTHONY NEGRON; | ) | |
| ELIJAH IRLANDA; and CYNTHIA IRLANDA, | ) | **COMPLAINT** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| -against- | ) | |
| | ) | **ECF CASE** |
| THE CITY OF NEW YORK; NEW YORK CITY | ) | |
| POLICE OFFICER RICHARD FRANGIPANE; | ) | **09 Civ. 7694 (RJH)(GWG)** |
| JOHN DOES and RICHARD ROES, | ) | |
| | ) | |
| Defendants. | ) | |

-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil action in which the plaintiffs, GUILLERMO ZAVALA; ILEANA

ZAVALA; ANGEL ZAVALA; GREGORY NEGRON; TIFFANY NEGRON, on Her Own

Behalf and as Mother and Next Friend of ANTHONY NEGRON, a minor; ELIJAH IRLANDA;

and CYNTHIA IRLANDA, seek relief for the defendants' violation of their rights secured by the

Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including

its Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New

York.  The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable

relief, an award of costs and attorneys' fees, and such other and further relief as this court deems

equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.     The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff GUILLERMO ZAVALA filed a timely Notice of Claim concerning property damage with the Comptroller of the City of New York on August 26, 2008, within 90 the incidents complained of herein.  More than 30 days have elapsed since the filing of that Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.     Plaintiffs GUILLERMO ZAVALA; ILEANA ZAVALA; ANGEL ZAVALA; GREGORY NEGRON; TIFFANY NEGRON, on Her Own Behalf and as Mother and Next

Friend of ANTHONY NEGRON, a minor; ELIJAH IRLANDA; and CYNTHIA IRLANDA,

filed an application seeking leave to file late Notices of Claim for their remaining claims under

New York State law in Supreme Court of the State of New York, Queens County on September

2, 2009, under Index No. 09/23836.

## PARTIES

8.      Plaintiffs GUILLERMO ZAVALA; ILEANA ZAVALA; ANGEL ZAVALA;

GREGORY NEGRON; TIFFANY NEGRON, on Her Own Behalf and as Mother and Next

Friend of ANTHONY NEGRON, a minor; ELIJAH IRLANDA; and CYNTHIA IRLANDA at

all times relevant herein were residents of the State of New York, County of the Queens.

ANTHONY NEGRON at the time of the incident was four years old.

9.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is

authorized by law to maintain a police department, which acts as its agent in the area of law

enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK

assumes the risks incidental to the maintenance of a police force and the employment of police

officers as said risk attaches to the public consumers of the services provided by the New York

City Police Department.

10.     Defendants FRANGIPANE and JOHN DOES are and were at all times relevant

herein duly appointed and acting officers, servants, employees and agents of THE CITY OF

NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of

defendant THE CITY OF NEW YORK.  Defendants FRANGIPANE and JOHN DOES are and

were at all times relevant herein acting under color of state law in the course and scope of their

duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants FRANGIPANE and JOHN DOES are sued individually and in their official capacity.

11.     Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

12.     On June 6, 2008, Plaintiffs resided within four separate dwellings within 94-17 112th Street; Richmond Hill, NY 11419.

13.      GUILLERMO ZAVALA is the owner of 94-17 112th Street; Richmond Hill, NY 11419.

4

14.     Plaintiffs ILEANA ZAVALA and GUILLERMO ZAVALA are wife and husband, and lived on the date of the incident in the second floor apartment.

15.     Plaintiffs TIFFANY NEGRON and GREGORY NEGRON are wife and husband, and lived on the date of the incident in the first floor apartment with their minor son ANTHONY NEGRON, who was four years old on the date of the incident.

16.     Plaintiffs CYNTHIA IRLANDA and ELIJAH IRLANDA are wife and husband, and lived on the date of the incident in the basement apartment.

17.     Plaintiff ANGEL ZAVALA lived on the date of the incident in an attic apartment.

18.     Plaintiffs ANGEL ZAVALA, TIFFANY NEGRON, and CYNTHIA IRLANDA are the children of Plaintiffs ILEANA ZAVALA and GUILLERMO ZAVALA.

19.     On the morning of June 6, 2008, approximately 7 a.m. and thereafter, each of the four separate dwellings within 94-17 112th Street, Richmond Hill, NY 11419 where the Plaintiffs lived, were illegally invaded by the New York City Police Department with unnecessary and excessive force and violence, and torn apart.

20.     Plaintiffs were awoken in their separate dwellings in various states of partial dress as heavily armed police officers rampaged and tore through their homes.

21.     The police in the course of their search found three replica guns in a plastic container and in the closet in the bedroom on the second floor, and one replica gun in a closet in the attic.

22.     The replica guns were owned by Plaintiff GUILLERMO ZAVALA.

23.     Plaintiff ILEANA ZAVALA told the police multiple times that what they had found were replicas, and not real guns.

24. The replica guns were seized by the police.

25. The police unlawfully placed Plaintiffs ANGEL ZAVALA and ELIJAH IRLANDA under arrest.

26. ANGEL ZAVALA was charged with violation of Penal Law 265.03(1)(A), Criminal Possession of a Weapon in the Second Degree, a felony; violation of Penal Law 265.02-7, Criminal Possession of a Weapon in the Third Degree, a felony; two counts of violation of Penal Law 265.02-8, Criminal Possession of a Weapon in the Third Degree, a felony; and two counts of violation of Penal Law 265.01-1, Criminal Possession of a Weapon in the Fourth Degree, a Class A Misdemeanor.

27. The complainant on the Criminal Court Complaint lodged against ANGEL ZAVALA was Defendant Police Officer RICHARD FRANGIPANE.

28. Defendant Police Officer RICHARD FRANGIPANE states on the Criminal Court Complaint that "he observed Defendant [Plaintiff] ANGEL ZAVALA in his underwear, and he stated that deponent and other officers woke him up with their entry."

29. Plaintiff ELIJAH IRLANDA was charged with violation of Penal Law 265.03(1)(A), Criminal Possession of a Weapon in the Second Degree, a felony; two counts of violation of Penal Law 265.02-1, Criminal Possession of a Weapon in the Third Degree, a felony; violation of Penal Law 265.02-7, Criminal Possession of a Weapon in the Third Degree, a felony; two counts of violation of Penal Law 265.02-8, Criminal Possession of a Weapon in the Third Degree, a felony; and two counts of violation of Penal Law 265.01-1, Criminal Possession of a Weapon in the Fourth Degree, a Class A Misdemeanor.

30. The complainant on the Criminal Court Complaint lodged against ELIJAH

6

IRLANDA was also Defendant Police Officer RICHARD FRANGIPANE.

31.   Defendant Police Officer RICHARD FRANGIPANE states on the Criminal Court Complaint that "he observed Defendant [Plaintiff] ELIJAH IRLANDA in his underwear, and he stated that deponent and other officers woke him up with their entry."

32.   Both Criminal Court Complaints state that a search warrant was executed.

33.   It is unknown whether the search warrant was issued upon probable cause, or described the place to be searched and the items to be seized with particularity, or whether the warrant was limited to only one or more than one of the four dwellings within 94-17 112th Street; Richmond Hill, NY 11419.

34.   On information and belief the officers who applied for the warrant should not have done so, as there was not reliable and trustworthy information to establish probable cause to believe that there were guns present.

35.   The charges remained pending against Plaintiffs ANGEL ZAVALA and ELIJAH IRLANDA until June 11, 2008, when all charges against them were dropped and dismissed, it apparently having taken that long for the police to communicate to the District Attorney's office that the supposed "guns" were indeed only replicas.

36.   Some of the police knew at the stationhouse on the day of the arrests that the guns were only replicas, and said so to other of the police.

37.   Plaintiffs ANGEL ZAVALA and ELIJAH IRLANDA were strip-searched and subjected to excessively tight handcuffing during their time in City custody.

38.   Plaintiff ANGEL ZAVALA was held for a few days in City custody at the Vernon C. Baines Center in the Bronx, until his family posted bail.

39.     Plaintiff ELIJAH IRLANDA was unable to make bail, and was held in City custody until the charges against him were dropped and dismissed.

40.     Plaintiff GUILLERMO ZAVALA was not charged by the police, but was struck by the police with excessive and unwarranted force as they rampaged through his home on the second floor of the house.

41.     Plaintiff GUILLERMO ZAVALA had to be taken from his home to the emergency room.

42.     Plaintiff GUILLERMO ZAVALA was taken to the emergency room in handcuffs, which were excessively tight, but was not charged with any crime(s).

43.     Plaintiffs CYNTHIA IRLANDA and ELIJAH IRLANDA were brought to the floor and handcuffed in their basement apartment with excessive force.

44.     They were brought up from their basement apartment to the first floor apartment where TIFFANY NEGRON and GREGORY NEGRON lived and had been handcuffed, and where their four year old son ANTHONY NEGRON was as well.

45.     During the course of the raid the police took a private pornographic video DVD belonging to CYNTHIA IRLANDA and ELIJAH IRLANDA from the basement apartment and brought it upstairs to the first floor apartment, and left it on the counter of the first floor apartment.

46.     The DVD was later found by GREGORY NEGRON, causing CYNTHIA IRLANDA great embarrassment and humiliation.

47.     Plaintiffs GREGORY NEGRON and TIFFANY NEGRON were brought to the floor and handcuffed in their first floor apartment with excessive force.

48.     A police officer pointed his assault weapon at then-four year old ANTHONY NEGRON.

49.     ANTHONY NEGRON watched his parents, TIFFANY NEGRON and GREGORY NEGRON, and his relatives handcuffed and abused by the police.

50.     ANTHONY NEGRON watched his Uncle ANGEL NEGRON be arrested and taken away by the police.

51.     ANGEL NEGRON was arrested as he came down the stairs from the attic towards the second floor.  He was brought to the floor and handcuffed with excessive force.

52.     All of the Plaintiffs except Plaintiff ILEANA ZAVALA and four year old ANTHONY NEGRON were handcuffed by the police during the police raid within their homes.

53.     All Plaintiffs' freedom of movement was controlled and limited during the course of the police raid in their homes.

54.     The police remained within 94-17 112th Street; Richmond Hill, NY 11419 for at least forty-five minutes.

55.     When the police were outside of the Plaintiffs' homes, they displayed the replica guns purposely and prominently in front of Plaintiffs' neighbors, causing Plaintiffs further embarrassment and humiliation in their neighborhood.

56.     Both Plaintiff ILEANA ZAVALA and four year old ANTHONY NEGRON required medical care following the day of the incident stemming from the trauma they experienced.

<u>**FIRST CLAIM**</u>

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

57.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58.     By their conduct and actions in falsely arresting and imprisoning plaintiffs, assaulting and battering plaintiffs, trespassing upon plaintiffs and their homes, unlawfully obtaining a warrant for the search of plaintiffs' homes and executing it improperly, converting plaintiffs' property, maliciously prosecuting plaintiffs, abusing process against plaintiffs, unreasonably prolonging plaintiffs' detention, violating rights to equal protection of, violating rights to substantive due process of plaintiffs, invading plaintiffs' privacy and strip searching plaintiffs, failing to intercede on behalf of the plaintiffs and in failing to protect the plaintiffs from the unjustified and unconstitutional treatment they received at the hands of other defendants, defendants FRANGIPANE, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

59.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

60.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

62.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

63.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

64.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

65.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct

alleged herein.

66.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and harassing raids and arrests, particularly upon people of Hispanic or African-American ethnicity, and failing to assure that proper procedures were implemented regarding the obtaining of and /or execution of search warrants and the use of information garnered through confidential informants, and of failing to properly train, supervise or discipline police supervisors and subordinate officers to prevent them from failing to assure that proper procedures were implemented.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

67.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

**FOURTH CLAIM**

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
FOR STATE LAW VIOLATIONS**

68.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW

12

YORK is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

70.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

71.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

72.     By the actions described above, defendants did inflict assault and battery upon the plaintiffs.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

74.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75.     By the actions described above, defendants caused plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and

without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

77.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

78.    By the actions described above, defendants violated plaintiffs' rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### MALICIOUS PROSECUTION

80.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81.    By the actions described above, defendants maliciously prosecuted plaintiffs

ANGEL ZAVALA and ELIJAH IRLANDA without any right or authority to do so.  The acts

and conduct of the defendants were the direct and proximate cause of injury and damage to

plaintiffs and violated their statutory and common law rights as guaranteed by the laws and

Constitution of the State of New York.

82.     As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and were otherwise damaged and injured.

## NINTH CLAIM

## ABUSE OF PROCESS

83.     The plaintiffs incorporate by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

84.     By the conduct and actions described above, defendants employed regularly

issued process against plaintiffs ANGEL ZAVALA and ELIJAH IRLANDA compelling the

performance or forbearance of prescribed acts.  The purpose of activating the process was intent

to harm plaintiffs without economic or social excuse or justification, and the defendants were

seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the

legitimate ends of the process.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to plaintiffs and violated their statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

85.     As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

86.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

87.     The defendants willfully, wrongfully and unlawfully trespassed upon plaintiffs' homes and upon the persons of plaintiffs.

88.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

89.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

90.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

16

**TWELFTH CLAIM**

**NEGLIGENCE**

92.     The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

93.     The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to the plaintiffs.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiffs and violated their statutory and common

law rights as guaranteed by the laws and Constitution of the State of New York.

94.     As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and were otherwise damaged and injured.

**THIRTEENTH CLAIM**

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

95.     The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

96.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained defendants.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiffs and violated their statutory and common

law rights as guaranteed by the laws and Constitution of the State of New York.

97.     As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and were otherwise damaged and injured.

## FOURTEENTH CLAIM

### CONVERSION

98.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

99.     Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiffs' right of possession in their property, and/or in exercising unauthorized possession and/or ownership over plaintiffs' property, defendants wrongfully converted plaintiffs' property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

100.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTEENTH CLAIM

### CONSTITUTIONAL TORT

101.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

102.    Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§ 6, 11, and 12 of the New York State Constitution.

103.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

18

104.   As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:        New York, New York
              September 4, 2009

                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.  [JR-0398]
                                        Law Office of Jeffrey A. Rothman
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        RONALD L. KUBY, Esq.  [RK-1879]
                                        Law Office of Ronald L. Kuby
                                        119 W. 23rd Street, Suite 900
                                        New York, New York  10011
                                        (212) 529-0223

                                        Attorneys for Plaintiffs

19